<span style="color:red">**FILED**
**Jul 08, 2022**
**01:53 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**</span>



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| **JONATHAN MCCULLOUGH,** | ) | **Docket No. 2021-04-0323** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **TENNECO AUTOMOTIVE,** | ) | **State File No. 92082-2021** |
| **Employer,** | ) | |
| **and** | ) | |
| | ) | |
| **INDEMNITY INSURANCE CO.** | ) | **Judge Dale Tipps** |
| **OF NORTH AMERICA,** | ) | |
| **Insurance Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an Expedited Hearing on July 7, 2022, to determine whether Mr. McCullough is entitled to medical and temporary disability benefits. The Court finds the evidence does not support Mr. McCullough's contention that his alleged workplace fall was the primary cause of his current back symptoms. Therefore, the Court cannot hold that he is likely to prevail at a hearing on the merits.

### History of Claim

Mr. McCullough alleged he slipped and fell in the bathroom at work on October 1, 2021. He testified that a few minutes after returning to his job, his back began hurting. Because he had a long history of back injuries, he felt he needed medical attention, so he reported the injury to his supervisor and went to the emergency room.

When Tenneco disputed the accident occurred as he described and denied the claim, Mr. McCullough sought unauthorized treatment with Dr. Narendra Singh.

Neither party offered medical records as evidence, but Tenneco submitted a questionnaire completed by Dr. Singh. In response to whether Mr. McCullough's

treatment for his back complaints was primarily related to his work accident, Dr. Singh checked "No." He added, "It is my opinion that the majority of his spine complaints are currently related to underlying degenerative changes and facet joint disease."

At the conclusion of the hearing, Mr. McCullough requested medical treatment and temporary disability benefits. Tenneco contended that Mr. McCullough was not entitled to any benefits because he presented no medical proof that his employment was the primary cause of his condition.

## Findings of Fact and Conclusions of Law

For the Court to grant Mr. McCullough's requests, he must prove he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove that his back condition is a compensable injury, Mr. McCullough must show that it arose primarily out of and in the course and scope of his employment. This includes the requirement that he must show "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14).

Applying this standard to Mr. McCullough's claim, the Court has only one medical causation opinion – Dr. Singh's conclusion that his symptoms were not primarily caused by his alleged work accident, but by his pre-existing condition. Without a contrary opinion, the analysis ends, and the Court cannot find Mr. McCullough is likely to prove a compensable claim.[1] *See Berdnik v. Fairfield Glad Cmty. Club,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *14-16 (May 18, 2017) (where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. McCullough's claims against Tenneco Automotive for medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on September 14, 2022, at 9:30 a.m. You

---

[1] Because the claim is denied on causation grounds, the Court will not address the dispute over the accident details at this time.

must call toll-free at 855-874-0473 to participate.  Failure to call might result in a determination of the issues without your further participation.  All conferences are set using Central Time.

**ENTERED July 8, 2022.**

_____
**DALE TIPPS, JUDGE**
**Court of Workers' Compensation Claims**

Exhibits:
1. Mr. McCullough's Rule 72 Declaration
2. Affidavit of Michael Howard (identification only)
3. Affidavit of Dallas Jones (identification only)
4. First Report of Injury
5. Dr. Narendra Singh's responses to medical questionnaire
6. Wage Statement

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Expedited Hearing Brief
5. Employer's Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on July 8, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jonathan McCullough, Employee | | | X | mcculloughjonathan8@gmail.com |
| Sarah H. Reisner, Jasmyn McCalla, Employer's Attorneys | | | X | sreisner@manierherod.com jmccalla@manierherod.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*